**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BYRON BREEZE, JR.,    CASE NO.:_____

    Plaintiff,

v.

DELISSIMO DELI CORP., a New York Corporation,
and 33-39 EAST 60TH STREET LLC, a New York
Limited Liability Company,

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, BYRON BREEZE, JR. (hereinafter "Plaintiff"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing legal authorities, hereby files this Complaint and sues DELISSIMO DELI CORP., a New York Corporation, and 33-39 EAST 60TH STREET LLC, a New York limited liability company, (collectively, hereinafter the "Defendants") for injunctive relief, attorney's fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 (B) in that the transaction or occurrence giving rise to this lawsuit occurred in New York.

3. The remedies provided by New York State human Rights Law Against Discrimination are not exclusive and state administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

4. At all times material hereto, Plaintiff, BYRON BREEZE, JR., was and is over the age of 18 years, *sui juris*, and a resident of the State of New York, County of New York.

5. That, Plaintiff suffers from what constitutes a "qualified disability" under the ADA; Plaintiff was born without legs and without complete hands, and uses a wheelchair for mobility.

6. That, Defendant 33-39 EAST 60TH STREET LLC, is a New York limited liability company authorized to conduct and conducting business within the State of New York, and is the owner, lessor and/or operator the of real property, which is subject to this action and located at 37-39 E. 60th Street, New York, NY 10022 (the "Defendants' Property").

7. That, DELISSIMO DELI CORP., is a New York corporation, authorized to conduct and conducting business within the State of New York, and upon information and belief, is the lessee and operator of the premises located within the Defendants' Property, and the owner

2

of the improvements where the Subject Premises is located which is the subject of this action, the commercial premises commonly referred to and known as Delissimo Deli (hereinafter the "Subject Premises") located at 37-39 East 60th Street, New York, NY 10022 (hereinafter and heretofore referred to collectively as the Defendants' Property). The Subject Premises is a place of public accommodation as that term is defined by the ADA; specifically, the Subject Premises is operated as a delicatessen.

8. Prior to the commencement of this action, Plaintiff visited the Defendants' Property for the purpose of dining within the Subject Premises; however, Plaintiff was denied full and equal access to, and full enjoyment of the facilities at Defendants' Property and the Subject Premises, and/or any accommodations offered to the public therein in that Plaintiff was restricted and limited by his disabilities.

9. That all events giving rise to the instant action occurred in the City of New York, State of New York. Venue is proper in the Southern District of New York in that the Defendants' Property and Subject Premises are located in the State of New York, County of New York.

**COUNT I**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

10. Plaintiff reavers and re-alleges the allegations set forth above, as though fully set forth herein.

11. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

12. Congress specifically found, *inter alia*, that:[1]

    a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

---
[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

3

    b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c. Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

    e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

13. Congress explicitly set forth the purpose of the ADA; to wit:[2]

    (i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

      (ii)    Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

      (iii)    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

14. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

15. The Defendants' Property and Subject Premises, which is subject to this action is a public accommodation under the ADA and which must be in compliance therewith.

16. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

17. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

18. The Defendants' Property and Subject Premises is legally required to be, ***but is not***, in compliance with the ADA and ADAAG.

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. Such non-compliance includes, but is not limited to, the following:

   a. Steps at entrance of Subject Premises leading down to merchandise area act as a total barrier to access for Plaintiff.

   b. Dining area located on second floor of Subject Premises is accessible by steps only, and is therefore completely inaccessible to Plaintiff.

   c. Required minimum toe and knee clearance not provided at dining tables, and are thus inaccessible to wheelchair bund patrons.

   d. Required minimum maneuvering clearance not provided at restroom door, making restroom inaccessible to wheelchair bound patrons.

   e. Required clear space not provided at men's room urinal alcove, making it inaccessible to wheelchair bound patrons.

   f. Maximum allowed height exceeded by urinal height, making it inaccessible to wheelchair bound patrons.

   g. Flush controls at urinal exceed maximum height permitted by law.

   h. Required minimum tow and knee clearance not provided at lavatory, making it inaccessible to wheelchair bound patrons.

   i. Restroom stall door swings into lavatory clear floor space.

   j. Minimum required clear door width not provided at toilet stall, making it inaccessible to wheelchair bound patrons.

   k. Required minimum maneuvering space not provided in toilet stall area, making it inaccessible to wheelchair bound patrons.

   l. Required side and rear grab bars not provided in toilet stall area.

   m. Handrails abutting all stairways do not contain required extensions.

20. Plaintiff has attempted to access the Defendants' Property and Subject Premises, but has been precluded from accessing the Defendants' Property and Subject Premises, because of his disabilities; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the Defendants' Property and Subject Premises. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from accessing the Defendants' Property and Subject Premises, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

21. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

22. Plaintiff intends to visit the Defendants' Property and Subject Premises, again in the future (immediately upon Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Defendants' Property and Subject Premises,; however, in light of his disability, unless and until the Defendants' Property and Subject Premises, is brought into compliance with the ADA, Plaintiff will remain unable to fully, properly, and safely access the Defendants' Property and Subject Premises, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

23. As a result of the foregoing, Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Defendants' Property and Subject Premises. Defendant's discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

24. Moreover, Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the Defendants' Property and Subject Premises, which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Defendants' Property and Subject Premises, accessible to and usable by persons with disabilities, including Plaintiff.

25. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the Defendants' Property and Subject Premises, including but not limited to those set forth herein.

26. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Defendants' Property and Subject Premises, so as to make readily accessible to and useable by individuals with disabilities to the extent required by ADA and ADAAG.

27. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable from the Defendants.[6]

## COUNT II
## VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

28. Plaintiff reavers and re-alleges the allegations set forth above, as though fully set forth herein.

---

[6] 42 U.S.C. §§ 12205, 12117

29. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [7]

30. The Defendants' Property and Subject Premises is a place of public accommodation as defined by the New York State Human Rights Law.

31. Plaintiff visited the Defendants' Property and Subject Premises and encountered architectural barriers as described herein.

32. By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Defendants' Property and Subject Premises. Failure on the part of Defendants to act to identify and remove barriers can be construed as an act of "negligent per se."

33. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y. Exec. Law §297, including for damages pursuant to § 297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

34. Plaintiff reavers and re-alleges the allegations set forth above, as though fully set forth herein.

---

[7] NYS Exec. Law § 296 (2)(a).

35. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[8]

36. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all the accommodations, benefits and services of Defendants' Property and Subject Premises.

## ATTORNEYS' FEES AND COSTS

1. Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and prosecuting this lawsuit.  Pursuant to the ADA and New York City Human Rights Law, Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants.

2. Plaintiff respectfully requests a judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9)

## DAMAGES

3. Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

---

[8] NYC Admin Code § 8-107(4)(a)

**INJUNCTIVE RELIEF**

4. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Defendants' Property and Subject Premises so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, the New York State Human Rights Law, New York City Human Rights Law, and closing the facilities until the requisite modifications are complete.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants and requests injunctive and declaratory relief that includes the following:

   a) A declaration that the Defendants' Property and Subject Premises owned, leased, operated, controlled and/or administrative by Defendants are in violation of the ADA, the New York State Human Rights Law and the New York City Human Rights Law;

   b) An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to Defendants' Property and Subject Premises;

   c) An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA and by NYSHRL and the NYCHRL;

   d) An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

e) Such other and further relief that this Court deems just, necessary and proper.

DATED this **6th day** of **September,** 2016.

                              Respectfully Submitted,

By:   *s/ Erik M. Bashian*
       Erik M. Bashian, Esq.  (EB 7326)
       BASHIAN & PAPANTONIOU, P.C.
       500 Old Country Road, Suite 302
       Garden City, New York 11530
       Tel.  (516) 279-1554
       Fax. (516) 213-0339
       *Attorneys for Plaintiff, Byron Breeze, Jr.*